A. S. PATTERSON ET AL. AND THE BOARD OF HIGHWAY COMMISSIONERS
v. THE BOARD OF COMMISSIONERS OF SWAIN COUNTY.

(Filed 22 December, 1915.)

**Road Districts—Bond Issues—Disputed Highways—County Commissioners—Statutes.**

Chapter 193, Public-Local Laws 1915, created a board of highway commissioners for certain townships of Swain County, authorizing them to construct a designated trunk highway and feeder roads, etc., and use the proceeds of a certain bond issue for the purpose: *Held,* the erecting, repairing, and maintaining all public bridges and culverts in the county not upon the trunk line or branches in course of construction are within the duties of the county commissioners, and not within the duties or subject to the control of the highway commissioners.

APPEAL by defendant from *Webb, J.,* at July Term, 1915, of SWAIN.

Controversy without action. The court rendered the following judgment and findings of fact:

This cause coming on to be heard before his Honor, James L. Webb, judge, holding the courts of the Twentieth Judicial District of North Carolina, at the July-August Term of the Superior Court of Swain County, upon agreed state of facts as provided for under section 803 of the Revisal of 1905, and after a partial hearing of the said cause, by agreement of counsel for plaintiffs and defendants said hearing was continued, to be further heard and concluded and judgment signed by the undersigned at Murphy, Cherokee County, upon the briefs and further argument of counsel submitted.

After hearing and considering said cause and the briefs and argument of counsel, the court finds the following facts:

1. That the General Assembly of North Carolina at its session of 1915 passed a special act establishing a road district in Swain County comprising the townships of Charleston, Nantahala, and Ocona Lufty, and appointing nine highway commissioners, incorporating said body under the name and style of "The Board of Highway Commissioners of Swain Road District," and vesting in said commissioners the control and supervision of all public roads and ways in said road district, and enjoining upon them the duty of first constructing a through trunk-line highway extending from Bryson City to the Macon County line and from Bryson City to the Jackson County line, through said special road district; that after said trunk-line highway has been provided for, said highway commissioners were authorized and empowered to use any funds still remaining in their hands to construct branch or feeder roads connecting with said trunk-line roads.

2. That said highway commissioners were authorized and empowered out of the road funds in their hands to construct all necessary bridges and culverts on said trunk-line road or such branch roads as they might build in said district.

3. That the said board of highway commissioners was empowered by said act to issue and sell bonds for the purpose of securing funds to construct said roads.

4. That no authority was given said board of highway commissioners under said special act to use any funds arising from the sale of bonds for maintaining or repairing existing roads or bridges in said road district or other parts of Swain County, and no provision was made by said act for any other funds to be used for such purposes.

5. That no authority or control was given said board of highway commissioners by said special act over any bridges or culverts not situated on the trunk-line road or branch roads provided for by said act, and

EWBANK v. LYMAN.

that the control and upkeep of all such bridges and culverts still remain in and devolve upon the board of county commissioners of Swain County as provided for under the general law.

Upon the foregoing findings of fact it is adjudged by the court that the board of county commissioners are charged with the duty of erecting, repairing, and maintaining all public bridges and culverts in Swain County which are not situated upon the line of the trunk-line highway or branch roads in course of construction by the highway commissioners, and that said highway commissioners have no duty in regard thereto or control thereover.

It is further ordered and adjudged that the board of county commissioners immediately assume supervision and control over all said bridges and culverts and to provide for the repair and maintenance thereof, and that the cost of erecting, maintaining, and repairing said bridges is declared to be a general county charge, to be paid for out of the general county funds available in the hands of the county commissioners not dedicated to any special purpose. JAMES L. WEBB,

*Judge Holding the Courts of the 20th Judicial District.*

The defendants appealed.

*Bryson & Black for plaintiffs.*
*Franklin & Fisher for defendants.*

BROWN, J. We are of opinion that the judgment of the Superior Court is a correct construction of the act of the General Assembly, chapter 193, Public-Local Laws 1915, and said judgment is
Affirmed.